IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT
OF WEST VIRGINIA

THE WALL GUY, INC. JEFFREY FRYE AND JR CONTRACTORS,
Plaintiffs, v.

Case No. 3:20-cv-00304

FEDERAL DEPOSIT INSURANCE CORPORATION,
(FDIC) AS RECEIVER FOR THE FIRST STATE BANK,
Defendant,

MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE
TO RULE 59(e) ALTER AND/OR AMEND THE COURT'S JUDGMENT
REFLECTING THE REMITTITUR ORDER AND GRANT AN ENHANCED
AND LARGER JUDGMENT TO THE PLAINTIFFS

Pursuant to Rule 59(e), the Plaintiffs, The Wall Guy, Inc., Jeffrey Frye, and JR Contractors moved to ALTER AND/OR AMEND the JUDGEMENT ORDER [ECF 38] entered on March 15th, 2021 in the above-styled matter, and/or any other necessary actions under the Consolidated case 3:20- cv-00305. Plaintiffs submit this Memorandum in support thereof:

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment within 28 days following entry of judgment. F.R.Civ.P. 59(e). As the Supreme Court recently noted, "Rule 59(e) derives from a common-law court's plenary power to revise its judgment... before anyone could appeal." *Banister* v. *Davis.* 140 S.Ct. 1698.1709 2020).

The Fourth Circuit has announced three grounds for amending an earlier judgment when a party brines a motion under 59(e) "(1) to accommodate an intervening change in controlling law: *(2)* to account for new evidence not available at trial: or (3) to correct a clear error of law or prevent manifest injustice" *Pac. Ins. Co.* v. *Am. Nat. Fire Ins. Co.,* 148 F.3d 396. 403 (4th Cir. 1998') (citation omitted  Review under

1

Rule 59(e) also allows the receiver under FIRREA,'M//e», *supra,* at 573.

Similarly, Rule 59(e) allows a party to file a motion for new trial within 28 days after entry of judgment. The unusual procedural posture of this matter, in which the Court has granted judgment pursuant to its adoption of the state court's Remittitur Order, does not alter the FDIC Receiver's right to seek a new trial under Rule 59(b) because, as *Allen* makes clear, an action in which the FDIC is a party is deemed to arise under the laws of the United States. See *Allen, supra,* at 575: *Lindlev v. FDIC,* 733 F.3d 1043. 1056 filth Cir. 20131 (citing 12 U.S.C. § 1819(bV2VA').[1] Thus, the court must make its determination "by reference to *federal standards* developed under Rule 59." *Browning-Ferris Indus, of Vermont. Inc,* v. *Kelco Disposal, Inc.* 492 U.S. 257. 279 Cl 989) (emphasis added). Under federal law, (1) the court may set aside a jury verdict and order a new trial if the court is of the opinion that until the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Atlas Food Systems and Services. Inc.* v *Crane Nat. Vendors. Inc.* 99 F.3d 587. 594 (4th Cir. *1996) v. Aetna Casualty & Sur. Co.* v. *Yeatts.* 122 F.2d 350. 352-53 (4th Cir. 1941) with numerals added).

Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, we have previously recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. See Lockheed Martin Corp., 116 F.3d at 112; Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Thus, the rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir.1995). *Pacific Ins. Co. v. American Nat. Fire Ins. Co.,* 148 F.3d 396

---

[1] 12 U.S.C. § 1819(b)(2)(A) states that, subject to certain exceptions (not applicable here): "all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States." *Allen* involved the Resolution Trust Corporation ("RTC"), a federal agency established under FIRREA in the wake of the savings and loan crisis. A similar provision cited by *Allen,* 12 U.S.C.A. § 1441 a(l)(I), governed actions to which RTC was a party.

2

(4th Cir. 1998)

## ARGUMENT

Plaintiffs are requesting relief under Rule 59(e), including but not limited to correcting a clear error of law or preventing manifest injustice. In as brief of an argument as possible the manifest injustice includes as follows, namely 1) loss of a major portion of a jury verdict for no justifiable reason and in absolute contravention of existing law (both at the State Law and at the Federal Law), 2) failure to ever credit or compensate Plaintiffs for the loss of a minimum of $873,477.00 worth of property, loss of earnings for calendar years in excess of 6 years regarding businesses owned by Plaintiffs, [See Exhibit A -Report of Expert Witness], attorney fees ($102,500.00 at the time of trial which have escalated since the trial that have been requested but never recovered, and lastly, 3) the need to award interest on the judgment pursuant to West Virginia Code 56- 3-31 from the date of the original judgment order. [See Exhibit B - Judgment Order from Circuit Court]. This has always been a David versus GOLIATH case, except now the GOLIATH has been resurrected after defeat and now possesses the force and power of the Federal Government combined with the ability to retain additional local counsel in addition to their attorneys. This Court must intervene to prevent manifest injustice, or GOLIATH will continue to starve and pummel David and prevent him from receiving his justified jury award and compensation for the property taken from him, which none of the same would have happened had the Defendant Bank not breached both loans from inception. Whereupon Plaintiffs additionally argue as follows:

The Plaintiffs were awarded $523,024.00 in the Judgment entered in [ECF 38]; however, they have received no such award as the continue to litigate against Defendant. Plaintiffs accepted the same because 1) the Court order them to accept the same or elect a new trial (See [ECF 34]. Plaintiffs accepted because a new trial is an impossibility because the original Defendant Bank is now closed and the witnesses are no longer available [hence retrial is not feasible]. Plaintiffs required a final resolution

as discussed in [ECF 34] which should have included the relief requested herein as well as resolution of the consolidated case 20-cv-0305, which as the Court indicated should be either dismissing as long as the $873,477.00 is awarded herein; or in the alterative, awarding under that number case 3:20-cv-00305 (which is consolidated herein (ECF 34] wherein the Court stated that "As Borrower's decision may greatly impact the remainder of the pending motions". Essentially this matter needs final resolution as Plaintiffs have been waiting for justice since December 13th, 2012, and have further had a jury verdict and judgment order therefrom since August 30th, 2018:

1. The Plaintiffs had collateral repossessed by First State Bank that is now in the possession and/or control and/or the cash value of the same is with the FDIC Receiver. Plaintiffs are entitled to and have never received any credit for the amount at a minimum of $873,477.00 (eight hundred and seventy three thousand four hundred and seventy seven dollars and zero cents) to compensate Plaintiffs for all collateral repossessed (even if lawfully repossessed at the time) and the same must be justifiably credited to Plaintiffs to prevent unjust enrichment of the FDIC receiver. [See attached Exhibit C - Agreed Order signed by Federal Judge in Bankruptcy and attachment that provides value of seized collateral]. This Court can take judicial notice of the Bankruptcy Court's attached order finding the value of all collateral which was taken from Plaintiffs.

2. The Plaintiffs assert the Court should alter and amend the March 15th Judgment Order to reflect the "jury verdict" and subsequent Judgement Order (entered in triplicate seal) for $1,500,000.00 (See Attached Exhibit B), as Plaintiffs assert this Court can reconsider this Judgement Order entered and alter or amend to include the same under this Court's own Rule 59(e) motions therefrom.

The law appears clear at the Federal Level and the jury verdict and subsequent judgment order should be followed in this matter, because of the following: "This Court may reverse a jury verdict only

when there is a complete absence of probative facts to support the conclusions reached by the jury." *Sherrill White Constr., Inc. v. South Carolina Nat'l Bank,* 713 F.2d 1047,1050 (4th Cir.1983). This verdict must stand if, taking the evidence in the light most favorable to [Plaintiff]; there is "any substantial evidence" to support it. See *Vodrey v. Golden,* 864 F.2d 28, 30 n. 4 (4th Cir.1988). "Substantial evidence" is such evidence as a reasonable mind might accept as adequate to support the conclusion even if different conclusions also might be supported by the evidence. *Gibralter Sav. v. LD Brinkman Corp.,* 860 F.2d 1275,1297 (5th Cir.1988), cert, denied, 490 U.S. 1091 (1989). See *Parris v. Lynch,* 35 F.3d 556 (4th Cir. 1994).

In addition to the Federal Law on the subject cited above, West Virginia State Law also supports the same logical conclusion. The lower court should have drawn every inference in favor of the Plaintiffs and had no authority to assume or guess how the jury arrived at the amount of damages. "In determining whether the verdict of a jury is supported by the evidence, every reasonable and legitimate inference, fairly arising from the evidence in favor of the party for whom the verdict was returned, must be considered, and those facts, which the jury might properly find under the evidence, must be assumed as true. *Point 3, Syllabus, Walker v. Monongahela Power Company,* 147 W.Va. 825,131 S.E.2d 736 (1963)." *Syl. PL 2, Coxv. Gallagher Motor Sales* Co., 158W.Va. 685,213 S.E.2d 475 (1975). *Roberts v. Stevens Clinic Hosp., Inc.,* 345 S.E.2d 791,176 W.Va. 492 (W. Va., 1986). "Plaintiffs acknowledge that the Court cannot generally set aside a jury verdict upon the claims that it is excessive unless the verdict is monstrous and enormous, at first blush beyond all measure, unreasonable or outrageous, and as such manifestly shows jury passion, partiality, prejudice, or corruption." *Roberts v. Stevens Clinic Hosp.,* 345 S.E. 2d 791 (W.Va.1986).

This case relates back to the basics in the law. "'Where the facts are in dispute, and the evidence in relation to them is that from which fair-minded men may draw different inferences,' the case should go to the jury" (quoting *Washington & G.R. Co. v. McDade,* 135 U.S. 554, 572,10 S.Ct. 1044, 34

L.Ed. 235 (1890). Sloas *v. CSXTransp.,* 616 F.3d 380 (4th Cir. 2010). This case went to the jury and the jury found the Bank had breached on two loans/contracts.

There was a single line verdict form for damages and the damages were determined to be 1.5 million dollars ($1,500,000.00) and this amount should stand. "Because the jury ... rendered a general verdict..., we have no way of knowing exactly what portion of the award was for pain and suffering and what portion was for future lost wages." The difference between Sloas' requested damages and the jury's final award gives us "no way of knowing" the basis of that award. CSXTransp, therefore, cannot meet its burden of demonstrating that the denial of an offset would provide Sloas with double payment for his past lost wages. *Sloas v. CSX Transp.,* 616 F.3d 380 (4th Cir. 2010). This was a general verdict single line form (provided by the Defendant Banks attorneys) and there was no way to determine if the jury even considered the value of the collateral which the Bank seized, attorney fees, etc., and therefore, should be no way to perform remittitur to the same or set aside the value for the reasons stated above. (See Exhibit D) This Court should utilize its reconsideration powers under Rule 59(e) and modify/alter the Judgement Order back to (1.5 million dollars) plus all of the additional awards set forth in the remainder of the Motion.

This Court found as follows in the Memorandum Opinion and Order, and further the same is cited in *Resolution Trust Corp v. Allen,* 16 F.3d 568 (4th Cir. 1994):

> "Upon review, the Fourth Circuit held that the district court must 'adopt the state court judgment as its own' after a case is removed. *Id.* at 573. Once adopted, the judgment is treated the same as other judgments entered by the district court and the parties ... follow the ordinary rules regarding post-judgment remedies." *Id.* In other words, the parties "may file motions pursuant to the applicable Rules of Civil Procedure, or file a timely notice of appeal to the Federal Appeals Court." *Id.* For example, the Fourth Circuit explained that the parties could file a motion under Rule 59(e) to alter or amend the judgment. *Id.* at n.5. Although the parties may choose to either file a direct appeal or file post-trial motions, if

post-trial motions are filed, the Fourth Circuit Court held that the district court should address the merits of those motions. By following this approach, the district court can "consider any new federal questions injected into the case by the addition of RTC [or in this case, the FDIC], and require whatever briefing, argument or hearings it deems necessary to resolve these questions and prepare an adequate record for review on appeal." *Id.* at 573. Using this procedure, any Appeal filed is based on the district court's judgment; thereby, precluding the Fourth Circuit Court "from assuming the role of a state appellate court." *Id.* Hence, this Court may increase the award based upon the Court's ability to alter amend the judgment based upon this Court's own Rule 59(e) review of the same.

This Court should alter and/or amend the judgment to reflect the penalty that should be imposed for the Defendant Bank and now FDIC Receiver Defendant Bank's violation of the Pledge Agreement between Plaintiffs and Defendant Bank [and now FDIC receiver] which then should have protected Plaintiffs during an appeal period for Appeal in the West Virginia Supreme Court, U S Southern District Court for West Virginia, and now to the Fourth Circuit Court of Appeals following the FDIC Receivers Notice of Intent to Appeal [ECF No.44] based upon the bank posting the same in lieu of cash bond during the West Virginia Supreme Court Appeal, and then its subsequent removal by the FDIC. This Pledge Agreement contained properties as well as subsequent trust deeds awarded to Plaintiffs to protect their interests herein. (See Exhibit E).   Upon information and belief, the FDIC receiver has breached said agreements, by liquidating/selling certain properties contained therein. The value of the Pledge Agreement exceeded 2 million dollars ($2,000,000.00). The Plaintiffs request a penalty against the defendant and an award of the same to Plaintiffs to protect their interests and/or an award of the actual real properties remaining (such as the Booten Creek Property) which was Plaintiffs business property that should not have been taken nor repossessed in the first place had Defendant Bank breached both loans or had the companion case been consolidated as the law requires (see prior

7

arguments under required counter-claims).

The FDIC constantly maintains that they "pay in cash". However, not one cent of any judgment nor award has ever been paid in the above-styled matter or companion case; and further, Plaintiffs have had $873,477.00 in property removed from their possession and/or ownership that was used to operate their respective businesses. The Bank/FDIC has specifically violated the Pledge Agreement as follows:

1.  Defendant Bank and/or Defendant FDIC have sold some of the collateral properties that were to be maintained to protect Plaintiffs' interests herein.
2.  Payment of Taxes - The Bank/FDIC receiver has failed to deliver any proof of tax payments on the same.
3.  Repair or Improvements, etc. The Bank/FDIC receiver has failed to keep the Booten Creek property in a sellable condition. In fact, the property is flooded. Upon information and belief the FDIC will be unjustly enriched again by having made or later making a flood claim and receiving proceeds from flood damage to property which in all standards of fairness and equity should be in the sole ownership and possession of the Plaintiffs, if not for the Bank and FDIC receiver's conduct in this matter, including the Bank's own breaches which pre-date and also occur simultaneously with the date of the original signing of the loans/contracts. Plaintiffs should be awarded any and all insurance proceeds rather than unjustly enriching the FDIC receiver.
4.  Maintenance or Insurance - Plaintiffs have not received any documentation of insurance policies on any collateral under the agreement.

## CONCLUSION

For the reasons stated above, the Plaintiffs respectfully request the Court to alter and/or amend

the Circuit Court's remittitur order and/or its own Judgement Order entered on March 15th, 2021 [ECF 38] to properly reflect what Plaintiffs should have received and which are further protected by Plaintiffs' 7th Amendment Rights as well as other rights, should be done to protect the jury system, and finally should be done to protect manifest injustice

Respectfully Submitted,

*/s/ Steven T. Cook*

Steven T. Cook

of Cook Law Offices, PLLC
Counsel for The Wall Guy Inc., Jeffrey Frye, and JR Contractors,
Plaintiffs PO Box 549
Barboursville, WV 25504
Phone 304-521-1304
Fax     304-521-1534

IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT
OF WEST VIRGINIA

THE WALL GUY, INC. JEFFREY FRYE AND JR CONTRACTORS,
Plaintiffs,

v.

Case No. 3:20-cv-00304

FEDERAL DEPOSIT INSURANCE CORPORATION, (FDIC) AS
RECEIVER FOR THE FIRST STATE BANK, Defendant.

CERTIFICATE OF SERVICE ON
PLAINTIFFS MEMORANDUM OF LAW PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE
TO RULE 59(e) ALTER/AMEND THE COURT'S JUDGMENT
REFLECTING THE REMITTITUR ORDER AND GRANT AN ENHANCED
AND LARGER JUDGMENT TO THE PLAINTIFFS

Counsel swears he served a copy of the above document by pacer e-filing on the 11th day of April, 2021 to:

BAILEY & GLASSER LLP
Benjamin L. Bailey (WVSB #200)
Raymond S. Franks II (WVSB #6523)
Christopher D. Smith (WVSB #13050)
209 Capitol Street Charleston, WV 25301 (304) 345-6555 (Telephone)
(304) 342-1110 (Facsimile) bbailey@baileyglasser.com, rfranks@baileyglasser.com, csmith@baileyglasser.com

FEDERAL DEPOSIT INSURANCE CORPORATION LEGAL DIVISION
B. Amon James, Senior Counsel
Nicholas Katsonis, Counsel
3501 Fairfax Drive, Room VS-D-7066
Arlingtoh, Virginia 22226
(703) 562-2089
baiames@fdic.gov
nkatsonis@fdic.gov

Sworn by Steven T. Cook , Esq. _/s/ Stu T. Cook_