IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

THE WALL GUY, INC.,
JEFFREY FRYE, and
JR CONTRACTORS,

                Plaintiffs,

v.                                     CIVIL ACTION NO.   3:20-0304
                                             (consolidated with 3:20-0305)

FEDERAL DEPOSIT INSURANCE
CORPORATION (FDIC) as Receiver for
The First State Bank,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the FDIC-Receiver's Emergency Motion to Enforce the Parties' Pledge Agreement (ECF No. 71), the FDIC-Receiver's Motion to Expedite Briefing and Argument on Its Emergency Motion to Enforce the Part[ies'] Pledge Agreement (ECF No. 72), and Plaintiffs' Motion to Enforce the Parties' Pledge Agreement. ECF No. 76. For the reasons stated below, the Court **GRANTS** the FDIC-Receiver's motion to enforce, **DENIES** Plaintiffs' motion, and **DENIES AS MOOT** the motion to expedite the briefing on the motions.

This action arises out the failure of The First State Bank (First State). Prior to the bank's failure, Plaintiffs had obtained a $1,500,000 verdict against The First State Bank in the Circuit Court of Cabell County. However, the circuit court granted First State's request for a remittitur and reduced the verdict to $524,023. Plaintiffs appealed to the West Virginia Supreme Court, and First State filed a cross appeal. The parties also entered into a "Pledge Agreement"

securing the award with specific real estate listed as collateral. While the case was on appeal, First State failed, and the FDIC was appointed as Receiver. The FDIC-Receiver then removed the actions to this Court for further proceedings.[1]

The issue before the Court in the current motions involves paragraphs 6 and 7 of the Pledge Agreement. These paragraphs provide:

> 6. In the event the Bank's post-trial motions are granted by the Court and the verdict is subject to a remittitur (and a new trial is not permitted by the Court or is not opted for by Frye) Frye and the Bank will negotiate, without delay and in good faith, for a new pledge agreement to be entered into by the parties in an amount commiserate with any new judgment amount in Frye's favor.
>
> 7. In the event the Bank secures a third-party purchaser for any of the properties given as security herein, Frye will immediately release that piece of security and the Bank will provide substitute collateral of equal or greater value.

*Pledge Agreement,* at ¶¶6, 7, ECF No. 71-1, at 3. In its motion, the FDIC-Receiver seeks to enforce its rights under these paragraphs to clear recent cloud-of-title issues on the existing collateral.

When First State failed, the FDIC-Receiver transferred most of First State's assets to MVB Bank (MVB). According to the FDIC-Receiver, this transfer included three of the four properties listed as collateral in the Pledge Agreement. Subsequently, MVB sold two of the pledged properties. One of those purchasers has demanded that the cloud of title created by a lien Plaintiffs placed on the property be cleared. To remove the cloud of title on all four properties, the FDIC-Receiver offered to replace the collateral listed in the Pledge Agreement with a letter of

---

[1] As this Court previously has explained, the procedural history of this case is complex. For purposes of the current motions, the Court only highlights the relevant facts. The Court has set forth a more complete description of the relevant history in its Memorandum Opinion and Order entered on March 5, 2021. ECF No. 34.

credit in the amount of the remittitur, which would secure Plaintiffs' judgment if it withstands the underlying Rule 59 motions currently on review by this Court. Plaintiffs, however, refused to release the liens unless the FDIC-Receiver substitutes the collateral in the current Pledge Agreement with at least $2,300,000 in collateral, together with other extraneous demands. The FDIC-Receiver denied Plaintiffs' requests and now seeks the Court intervention to enforce paragraphs 6 and 7 of the Agreement.

In response and in their motion, Plaintiffs argue the FDIC-Receiver breached the Pledge Agreement by selling the property. Plaintiffs also assert they had at least $2,300,000 worth of claims that First State had agreed needed to be collateralized. Plaintiffs also claim that First State agreed to keep the Pledge Agreement in place pending appeal so this Court should continue to maintain the status quo. If the FDIC-Receiver wants to clear the title to the properties, Plaintiffs contend the FDIC-Receiver should immediately pay them the full value of the Pledge Agreement. Additionally, it should not be reduced to the amount of the remittitur because Plaintiffs accepted the remittitur under protest.

Upon review, the Court disagrees with Plaintiffs. It is a basic tenant of contract law that, "[w]hen a written contract is clear and unambiguous[,] its meaning and legal effect must be determined solely from its contents and it will be given full force and effect according to its plain terms and provisions. Extrinsic evidence of the parties to such contract, or of other persons, as to its meaning and effect will not be considered." Syl. Pt. 3, *Kanawha Banking & Trust Co. v. Gilbert*, 46 S.E.2d 225 (W. Va. 1947). Here, under the clear and unambiguous language of the Pledge Agreement, First State (and now its successors) had the right to "secure[] a third-party purchaser" for the properties used to securitize the judgment. Thereupon, Plaintiffs "will immediately release

that piece of security and the Bank will provide substitute collateral of equal or greater value." *Id.* at ¶7. In the event of a remittitur, as is in this case, paragraph 6 requires Plaintiffs and the FDIC-Receiver to "negotiate, without delay and in good faith, for a new pledge agreement" in the amount of the "new judgment." As the FDIC-Receiver unmistakably had the authority under paragraph 7 to sell the property, it did not breach the Agreement by doing so. Additionally, once Plaintiffs opted to accept the remittitur instead of a new trial, paragraph 6 requires a new pledge agreement be negotiated in the amount of the remittitur of $524,023.

Finding the dispute raised in the current motions is controlled by the plain language of the Pledge Agreement in favor of the FDIC-Receiver, the Court **GRANTS** the FDIC-Receiver's Emergency Motion to Enforce the Parties' Pledge Agreement (ECF No. 71) and **DENIES** Plaintiffs' Motion to Enforce the Parties' Pledge Agreement. ECF No. 76. The Court further **ORDERS** the FDIC-Receiver to provide substitute collateral in the form of a letter of credit for $524,023 and **ORDERS** Plaintiffs, within seven (7) days of receipt of the letter of credit, to release their judgment liens on the properties listed in the Pledge Agreement. Additionally, the Court **DENIES AS MOOT** the FDIC-Receiver's Motion to Expedite Briefing and Argument on Its Emergency Motion to Enforce the Part[ies'] Pledge Agreement. ECF No. 72.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: November 17, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE